UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHAEL A. OLSON,

    Plaintiff,

vs.

SOBE MIAMI, LLC, d/b/a PALACE BAR, a
Florida limited liability company, and THOMAS
J. DONALL, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff MICHAEL A. OLSON, through undersigned counsel, sues Defendant SOBE MIAMI, LLC. d/b/a PALACE BAR, a Florida limited liability company ("SOBE"), and THOMAS J. DONALL, individually ("DONALL"), and alleges as follows:

1. This is an action for unlawful failure to pay minimum wages and overtime as required by the federal Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a) ("FLSA"), and its implementing regulations. In addition, this is an action for violation of 26 U.S.C. §7434 for filing with the U.S. Internal Revenue Service ("IRS") a fraudulent information return on behalf of Plaintiff.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4.     Plaintiff at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.

5.     Defendant SOBE is, and at all relevant times was, a Florida limited liability company doing business in Miami-Dade County, Florida, as "Palace Bar" and/or "the Palace". SOBE is, and at all relevant times was, a company that owned and operated, and continues to own and operate, the Palace restaurant and bar located in Miami Beach, Florida.  At all relevant times SOBE had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person and had gross annual revenues of not less than $500,000.00; thus, Defendant SOBE was an "employer" under the FLSA for purposes of enterprise coverage under the statute.

6.     Upon information and belief, Defendant DONALL is, and at all relevant times has been, a resident of Miami-Dade County, Florida, and is *sui juris*.  At all relevant times, DONALL was and still is the owner, operator, and manager of SOBE, was and still is an agent of SOBE, acted in the course and scope of his employment and agency as owner, operator, and manager of SOBE with regard to Plaintiff, and was actively involved in, supervised, and ran the day-to-day operations and financial affairs of SOBE.

7.     At all relevant times SOBE was an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00.  In addition, DONALL was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of SOBE in relation to Plaintiff, and regularly exercised authority to hire and fire employees of SOBE, determined the work schedules of employees of

SOBE, set the rates of pay and compensation for employees of SOBE, controlled the finances of SOBE, and oversaw, supervised, and controlled the day-to-day operations of SOBE.

8. At all times during his employment with Defendants, from in or about December 2015 through May 2017, Plaintiff was a server at the Palace restaurant and bar owned and operated by Defendants, was paid a regular hourly rate $5.03 per hour through February 2017, and $5.08 per hour from March 2017 through May 2017, less than the applicable statutory minimum wage, and was also paid tips.

9. During Plaintiff's employment with Defendants, Defendants had in place a written tip policy as part of Defendants' Employee Handbook that specifically provided that Plaintiff and the other servers were not required to turn over any portion of their tip money to the company; i.e., the company's management. Plaintiffs and the other servers were, however, required by this written policy in the handbook to share their tips with certain co-workers, specifically the hostesses, bar backs, housemen, food runners, and bar servers. A copy of this written tip policy, contained in the company's Employee Handbook, is attached as Exhibit "A".

10. Notwithstanding the fact that Defendants had this written tip policy in its Employee Handbook, and thereby took advantage of the tip credit permitted by the FLSA in paying Plaintiff and the other servers less than the statutory minimum wage for each hour they worked, Defendants directed Plaintiff and the other servers, both verbally and in separate written postings as the work site, to distribute 5% of their tips to Defendants' management, in violation of the FLSA tip credit provisions. A copy of the photograph of this written posting, taken at Defendants' premises, is attached as Exhibit "B".

11. Plaintiffs and the other servers were thus required by Defendants to pay Defendants' management 5% of their tips, thus invalidating Defendants' entitlement to the

3

FLSA's tip credit provisions, and requiring Defendants to pay Plaintiffs and the other servers the full statutory minimum wage for each hour they worked during the three-year period immediately preceding the filing of this lawsuit.

12. Because of the illegal tip sharing arrangement enforced by Defendants, Defendants failed to pay Plaintiff his statutory minimum wages as required by the FLSA.

13. In addition, to the extent that Defendants were not entitled to take the FLSA tip credit, Plaintiff was not even paid the $5.03 or $5.08 per hour that Defendants were purportedly paying him. It appears from Plaintiff's paystubs that he was receiving paychecks for his hours worked of $0.00, with Defendants applying against Plaintiff's regular hours the amounts being paid him for tips and/or his portions of the restaurant's service charges. Defendant was not permitted to apply the tips and service charges to reduce Plaintiff's wages; Plaintiff thus is entitled to the full $7.25 per hour minimum wage for all the regular hours he worked, plus double that amount in liquidated damages.

14. In addition, Plaintiff would work more than 40 hours in one or more work weeks, yet was not paid the required time and one-half their regular hourly rates as required by the FLSA. Plaintiff estimates from the limited records in his possession that he regularly worked 5 to 20 overtime hours per week, yet was not paid any monies for this overtime work. For the approximate 69 work weeks that Plaintiff was employed by Defendants, Plaintiff estimates that he worked somewhere between 345 to 1,380 overtime hours for which he received no compensation. At a regular hourly rate of $7.25, and thus an overtime rate of $10.88, Plaintiff's estimated unpaid overtime is for an amount somewhere between $3,753.60 (assuming he only worked a low of 5 overtime hours per week) and $15,0144.40 (assuming he worked the

4

maximum 20 overtime hours each work week), plus an equal amount of liquidated damages as provided by the FLSA.

15. One or more of Defendants' employees complained to Defendants' management regarding the requirement that management receive a portion of his tip money and him not being paid overtime. In response, Defendants removed the written posting requiring the 5% tip out to management, yet continued to verbally require Plaintiff and the servers to pay out 5% of their tips to management.

16. For the 2015 tax year, Plaintiff received an IRS W-2 form from Defendants, which Defendants also were required to submit to the IRS, upon which Defendants were required to accurately report the wages and tip income Plaintiff had received. However, Defendants deliberately overstated Plaintiff's income on the W-2 form provided to him by including as earned income paid to Plaintiff the 5% tip out payments to Defendants' management.

17. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

18. Plaintiff has hired the undersigned law firms to represent him in this case and has agreed to pay the firms a reasonable fee for their services.

## **COUNT I – MINIMUM WAGE VIOLATION OF FLSA**

19. Plaintiff re-alleges paragraphs 1 through 18 as if set forth fully herein.

20. Under the FLSA, Defendants were obligated to pay Plaintiff the statutorily required minimum wage for all hours worked. However, Plaintiff was paid less than the required minimum wage for all hours he worked in violation of the FLSA.

21. Defendants were and are not entitled to receive the tip credit per the FLSA as Defendants' tip sharing arrangement and directions were illegal as not all tips paid by customers

were distributed only to persons customarily entitled to receive tips, but were also distributed to Defendants' management.

22.     As a direct and proximate result of Defendants' FLSA minimum wage violations, Plaintiff has suffered damages, and is entitled to recover from Defendants an amount equal to the difference between the statutorily required minimum wages that should have been paid and the hourly wages that were actually paid, plus liquidated damages in an amount equal to the unpaid wages.

23.     Defendants engaged in their illegal conduct willfully and intentionally as they were fully aware at all times that only those employees customarily entitled to receive tips could share in the tip monies the restaurant received and management could not participate in the tips distribution.  This knowledge is evidenced by the written tip policy in Defendants' own Employee Handbook.  Accordingly, Plaintiff is entitled to recover his unpaid minimum wages for the three-year period immediately preceding this suit.

24.     Plaintiff is entitled to recover his costs and attorney's fees pursuant to the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendants declaring Defendants' tip sharing practices to be in violation of the FLSA, and further demands judgment against Defendants, jointly and severally, for all unpaid wages, liquidated damages, interest, costs, attorney's fees, and such further relief as the Court deems just and proper.

## COUNT II – OVERTIME VIOLATION OF FLSA

25.     Plaintiff re-alleges paragraphs 1 through 18 and 24 as if set forth fully herein.

26.     Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half his regular hourly rate for all hours worked in excess of 40 in a work week.  However, Plaintiff worked over 40 hours in one or more work weeks, yet was not paid the required time and one-

half his regular hourly rate, which, as alleged hereinabove, should have been at least the applicable statutory minimum wage.

27. As a direct and proximate result of Defendants' failure to pay Plaintiff the required time and one-half his regular hourly wages for all hours worked in excess of 40 per work week as required by the FLSA, Plaintiff has suffered damages, and is entitled to recover from Defendants an amount equal to the unpaid overtime compensation, plus liquidated damages in an amount equal to the unpaid wages.

28. Defendants engaged in their illegal conduct willfully and intentionally as they were fully aware at all times that Plaintiff and other servers regularly worked in excess of 40 hours in one or more work weeks, that they were entitled to overtime compensation for those excess hours worked, and that they were not paid their overtime compensation despite Defendants having such knowledge.

WHEREFORE, Plaintiff demands judgment against Defendants declaring Defendants' failure to pay Plaintiff his due overtime compensation to be in violation of the FLSA, and further demands judgment against Defendants, jointly and severally, for all unpaid overtime compensation, liquidated damages, interest, costs, attorney's fees, and such further relief as the Court deems just and proper.

### COUNT III – VIOLATION OF 26 U.S.C. §7434

29. Plaintiff re-alleges paragraphs 1 through 18 as if set forth fully herein.

30. Under 26 U.S.C. §7434, if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

31. The IRS W-2 form issued by Defendant to Plaintiff for 2015 was and is a "fraudulent information return" for purposes of civil liability under 26 U.S.C. §7434.

32. Defendants issued to the IRS a fraudulent W-2 form for 2015 on behalf of Plaintiff in that Defendants, with full knowledge that Plaintiff had been required to regularly pay out to Defendants' management 5% of his earned tips, willfully and falsely reported to the IRS that the 5% pay out was paid to Plaintiff instead of to management. This false and fraudulent IRS form overstated Plaintiff's income for 2015, thus exposing him to higher income tax liability.

33. As a direct result of Defendants' filing of a fraudulent information return on behalf of Plaintiff, Plaintiff has suffered actual damages, including added tax liability and added expenses in having to correct any future tax returns or to have an amended tax return prepared.  In any event, Plaintiff is entitled to recover at a minimum $5,000.00 under 26 U.S.C. §7434(b).

34. Plaintiff is entitled to recover, in addition to his actual damages and costs of suit, his reasonable attorney's fees under 26 U.S.C. §7434(b)(3).

35. Plaintiff has complied with the requirements of 26 U.S.C. §7434(b)(3), including sending a copy of this Complaint to the IRS.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally, for his actual damages in the amount of no less than $5,000.00, costs, interest, attorney's fees, and such further relief as the court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.

DATED:  August 22, 2017.

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiffs<br>8751 West Broward Boulevard<br>Suite 303<br>Plantation, FL 333324<br>T. 954/362-3800<br>954/362-3779 (facsimile)<br>Email:  rhannah@rhannahlaw.com<br><br>By___*s/ Roderick V. Hannah*_____ _<br>     RODERICK V. HANNAH<br>     Fla. Bar No. 435384 | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiffs<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email:  pduran@pelayoduran.com<br><br>By ___*s/ Pelayo M. Duran*_____<br>     PELAYO M. DURAN<br>     Fla. Bar No. 0146595 |

9